CHARLES J. REIM, APPELLEE, v. CHARLES BISSINGER, APPELLANT.

Submitted July 5, 1907—Decided December 4, 1907.

In an action by R. upon a promissory note given by B., B. sought to set off a judgment recovered against himself and R. when they were in partnership, for a partnership debt, which judgment had been assigned to B., who had paid the full amount thereof for the purpose of setting it off in R.'s action against him on his personal note. *Held,* that the amount of B.'s demand against R. upon such a judgment was not a liquidated claim, and hence was not the proper subject of a set-off.

On appeal.

Before Justices GARRISON and SWAYZE.

For the appellant, *James R. Nugent.*

For the appellee, *Horace C. Grice.*

The opinion of the court was delivered by

GARRISON, J. Charles J. Reim sued Charles Bissinger to recover the amount due on the promissory note of the latter.

Bissinger filed a set-off setting up a judgment that had been recovered against the plaintiff and himself at a time when they were in partnership for their partnership debt, which judgment had been assigned to him and for which he had paid the full amount due thereon for the purpose of setting up such judgment in Reim's action against him upon his personal note. The case was tried without a jury before the First District Court of the city of Newark, who gave judgment for the plaintiff. The following facts are settled by the District Court with respect to the set-off which is the only matter now in controversy: "On February 7th, 1906, one Martin Brune recovered a judgment in the Second District Court of the city of Newark, against Charles J. Reim and Charles Bissinger, for the sum of $197.44 and costs of suit; that the said judgment was recovered against the said Charles J. Reim and Charles Bissinger as partners for a partnership debt; that the said judgment was duly assigned by said Martin Brune to the said Charles Bissinger on the seventh day of November, 1906; that the partnership between Charles J. Reim and Charles Bissinger was dissolved subsequent to the recovery of the said judgment and previous to the assignment of the judgment; that the said Charles Bissinger paid as a consideration to the said Martin Brune for the assignment of the said judgment the full amount due thereon. The defendant stated that he took the assignment of the judgment and paid the amount due thereon for the purpose of setting it off in this suit against the plaintiff's demand. On motion of the plaintiff's attorney I struck out the set-off on the ground that the consideration of it would involve a partnership accounting to ascertain to what extent the plaintiff was liable on the judgment as between him and the defendant, and that consequently the claim was based upon an unliquidated demand."

The foregoing facts alone appearing, the judgment of the District Court was right. Payment of a judgment by one of two joint judgment debtors, nothing more appearing, is a satisfaction of the debt. In the present case the judgment was against the present plaintiff and defendant for a partner-

ship debt. To entitle the partner who had paid this judgment debt to enforce the whole of it by way of set-off as against his copartner, something more must be shown than the mere fact of payment or the mere purpose so to enforce it. It must be in fact enforceable. It may be that even contribution as between the joint debtors would depend upon the state of their partnership account, all the more so would the assertion of the right to enforce a joint judgment against one copartner involve such accounting or other special circumstances which are not shown in the present case.

The judgment entered by the District Court properly disposed of the set-off and is therefore affirmed.